Daniel R. Watkins
Nevada State Bar No. 11881
DW@wl-llp.com
Eran S. Forster
Nevada State Bar No. 11124
eforster@wl-llp.com
WATKINS & LETOFSKY, LLP
8215 S. Eastern Ave., Ste. 265
Las Vegas, NV 89123
Office:(702) 901-7553; Fax: (702) 974-1297
Attorneys for Plaintiff, Edward Ordonez

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| EDWARD ORDONEZ,<br><br>        Plaintiff,<br>vs.<br><br>BRINKER NEVADA, INC. dba CHILI'S GRILL & BAR<br><br>        Defendants. | Case No.:  2:19-cv-01095<br><br>**COMPLAINT FOR DAMAGES**<br><br>**(DEMAND FOR JURY TRIAL)** |

COMES NOW, Plaintiff, Edward Ordonez (herein "Plaintiff") and files this civil action against Defendants, and each of them, for violations of the Family Medical Leave Act (29 U.S.C. §2601 et seq.), the Americans with Disabilities Act (42 U.S.C. §12101 et. seq.), and the Nevada Revised Statutes §§ 613.330 et seq.; and all related claims under Nevada law, seeking damages, and alleges as follows:

**JURISDICTION AND VENUE**

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343 which confer original jurisdiction on federal district courts in suits to address the deprivation of rights, privileges and immunities secured by the United States Constitution and federal law.

2. Supplemental Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367 over the State law claims which are so related to the federal claims in this action that they form part of the same case or controversy under Article III of the United States Constitution.

3. Plaintiff has exhausted administrative remedies.

4. All conditions precedent to jurisdiction under section 29 U.S.C. §621 et seq. have occurred or been complied with:

    a. A charge of employment discrimination was filed with the Nevada Equal Rights Commission (hereinafter, "NERC") within 300 days of plaintiff of Defendant's unlawful employment practices alleged herein;

    b. A Notice of Right to Sue in Federal Court was received from the EEOC, dated March 27, 2019. (A true and correct copy of said letter is attached and incorporated herein as Exhibit "1".)

5. This complaint is filed within 90 days of receipt of the EEOC's Notification of Right to Sue.

6. Venue is proper in the District of Nevada because the unlawful employment practices alleged herein were committed in whole or in part in the District of Nevada pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

**PLAINTIFF**

7. Plaintiff, EDWARD ORDONEZ (hereinafter "Plaintiff"), was a qualified/eligible "employee" of Defendant, BRINKER NEVADA, INC. dba CHILI'S GRILL & BAR within the meaning of the Family Medical Leave Act (29 U.S.C. §2601 *et seq*.) (hereinafter, "FMLA").

**DEFENDANTS**

8. Defendant, BRINKER NEVADA, INC. dba CHILI'S GRILL & BAR, (hereinafter "Chili's" or "Defendant") is a Nevada corporation qualified to do business in Nevada and employs 50 or more employees and is "employer" within the meaning of the Family Medical Leave Act, American with Disabilities Act, and related claims under Nevada law. Defendant has offices located around the greater Las Vegas metropolitan area including the specific location that Plaintiff worked, located at 3775 Arroyo Crossing Ave., Las Vegas, NV 89118.

**COMPLAINT**
-2-

9. Plaintiff is ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of DOES 1 through 50, inclusive. The Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants are in some way responsible for, or participated in, or contributed to, the matters and things complained of herein, and is legally responsible in some manner. Plaintiff will seek leave to amend this Complaint when the true names, capacities, participation and responsibilities have been ascertained.

10. Chili's and DOES 1 through 50 (collectively, "Defendants") are the named defendants in this action.

## STATEMENT OF FACTS

11. Plaintiff was employed by Defendant since July 25, 2018. During all relevant times Plaintiff was an Assistant Manager.

12. Plaintiff has a serious medical condition, as defined under the Family Medical Leave Act, and disability, as defined under the Americans with Disability Act. Specifically, Plaintiff has Axis I generalized anxiety disorder. Plaintiff's condition caused, amongst other conditions listed in the DSM-V, high blood pressure, anxiety, cardiovascular issues, insomnia, and mood issues.

13. In April of 2018, Plaintiff made Defendant aware of Plaintiff's serious health condition and disability when he provided a note from Dr. Pan requesting FMLA leave and an accommodation. Dr. Pan's recommendation was for a work schedule of no more than three days per week and the ability to leave work early during flare-ups.

14. Defendant unreasonably disregarded Plaintiff's request and continued to schedule Plaintiff for 5 days per week.

15. Plaintiff continuously had to contact HR regarding a modified work schedule.

16. On or about May 27, 2018, Plaintiff was issued an unwarranted discipline for leaving work early on May 5, 16, and 25, 2018, for using his FMLA.

17. Also on May 27, 2018, Plaintiff was confronted by a coworker for using his FMLA.

//

18. After complaining to HR, Plaintiff was constantly micromanaged by the Director of Operations, Chad Collins. Chad scrutinized Plaintiff's work and documented Plaintiff for frivolous claims including but not limited to failing to remove trash and signing off on his weekly checklist of cleaning duties. Other employees would not get cited for the same infractions.

19. Plaintiff was then moved to Defendant's Rainbow location because of his use of FMLA.

20. At the Rainbow location, Plaintiff was again written-up for using his FMLA for June 8-9, 2018 and June 17, 2018.

21. A coworker discussed with Plaintiff the extra pressure Plaintiff was receiving for using his FMLA. Defendant wrote Plaintiff up for having that discussion with his coworker.

22. On June 17, 2018, Plaintiff was written up for taking a day of absence that he was already approved for by his General Manager.

23. On or about June 20, 2018, Plaintiff filed a complaint with the Nevada Equal Rights Commission ("NERC") because of the constant harassment and write-ups he was receiving from Defendant.

24. In mid-July, Plaintiff made Defendant aware that he reported their conduct to the NERC regarding the constant harassment and write-up by management.

25. In retaliation to Plaintiff's reporting to the NERC, Defendant again transferred Plaintiff to a different location.

26. On August 21, 2018 Plaintiff needed to take a day off work when he wasn't able to return from a trip to Denver. Plaintiff's General Manager approved his leave.

27. On September 2, 2018, Plaintiff was terminated for "integrity" issues regarding his attendance. These integrity issues had to do with his use of FMLA leave.

28. The constant write-ups and transfers by Defendant were all methods by Defendant to harass Plaintiff for using his FMLA and to document alleged infractions would lead to Plaintiff's termination. Ultimately, Plaintiff was terminated for using his FMLA and reporting the harassment he received from Defendant regarding his disability and use of FMLA leave.

## COUNT I

## INTERFERENCE WITH FMLA LEAVE

### Family Medical Leave Act (29 U.S.C. §2601 et seq.)

### (Against All Defendants)

29. Defendant hereby incorporates paragraphs 1 through 28 of this Complaint as though fully set forth herein.

30. Defendant Chili's, by and through its agents and employees, interfered with and discriminated against the Plaintiff in the terms, conditions, and privileges of employment in various ways including violations of Family Medical Leave Act (29 U.S.C. §2601 *et seq.*).

31. Plaintiff had a "serious health condition," defined in the statute as an illness, injury, impairment or physical or mental condition that involves either 1) inpatient care in a hospital or other care facility, or 2) continuing treatment by a health care provider. Specifically, Plaintiff has Axis I generalized anxiety disorder and was approved and qualified for leave under the Family Medical Leave Act.

32. Plaintiff gave appropriate notice of his need to be absent from work. "Appropriate notice" was given where, if Plaintiff could foresee the need for leave, he notified Defendant at least 30 days before the leave was to begin, and/or if Plaintiff could not foresee the need for leave, Plaintiff notified Defendant as soon as practicable after he learned of the need for leave.

33. Plaintiff was continually harassed, targeted, written-up and terminated for his use of FMLA leave.

34. Plaintiff was denied the use of his FMLA leave even though the leave was approved by Human Resources.

35. PLAINTIFF claims that exercise of his right to take leave from work as authorized by the Family Medical Leave Act was either the sole reason or a motivating factor for Defendant's decision to harass and ultimately discharge Plaintiff, among other adverse employment actions.

36. As a proximate result of Defendant's discriminatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional

1  distress. As a result of those actions and consequent harms, Plaintiff has suffered such damages
2  in an amount to be proved at trial.

3  37.  Defendant, through its agents or supervisors failed to adequately supervise,
4  control, discipline, and/or otherwise penalize the conduct, acts, and failures to act of Defendant
5  and their supervisors and Human Resources Department as described above thereby ratifying the
6  unlawful conduct of its agents or supervisors.

7  38.  Defendant's unlawful actions were intentional, willful, malicious and/or done
8  with reckless disregard for Plaintiff's federally protected rights.

9  39.  Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT II

## DISPARATE TREATMENT UNDER THE AMERICAN WITH DISABILITIES ACT

**American with Disabilities Act (42 U.S.C. §12101 et. seq.)**

**(Against All Defendants)**

40.  Defendant hereby incorporates paragraphs 1 through 39 of this Complaint as though fully set forth herein.

41.  Plaintiff is a qualified person with a disability under the Americans with Disabilities Act of 1990 (ADA) as amended by the Americans with Disabilities Act Amendments Act of 2008 (ADAAA) as he has a condition that substantially limits on or more major life activities including, but not limited to, social interactions, sleeping, concentration, and working. His disability is Axis I generalized anxiety disorder.

42.  Plaintiff is able to perform all of the essential functions of his position, with or without a reasonable accommodation.

43.  Defendant harassed Plaintiff because of his disability, causing Plaintiff to get written-up for infractions that other employees without his disability were not written-up for. Plaintiff was also confronted by employees for having his disability and taking FMLA leave.

44.  As a proximate result of Defendant's discriminatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.

As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proved at trial.

45. Defendant, through its agents or supervisors failed to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act of Defendant and their supervisors and Human Resources Department as described above thereby ratifying the unlawful conduct of its agents or supervisors.

46. Defendant's unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's federally protected rights.

47. Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT III

## AMERICAN WITH DISABILITIES ACT FAILURE TO ACCOMMODATE

**American with Disabilities Act (42 U.S.C. §12101 et. seq.)**

**(Against All Defendants)**

48. Defendant hereby incorporates paragraphs 1 through 47 of this Complaint as though fully set forth herein.

49. Defendant requested a reasonable accommodation and had a medical note to work only 3 of 5 days per week.

50. Defendant disregarded Plaintiff's request and failed to engage in the interactive process to determine whether an accommodation could be met.

51. As a proximate result of Defendant's discriminatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress. As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proved at trial.

52. Defendant, through its agents or supervisors failed to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act of Defendant and their supervisors and Human Resources Department as described above thereby ratifying the unlawful conduct of its agents or supervisors.

//

53. Defendant's unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's federally protected rights.

54. Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT IV

## RETALIATION UNDER THE FMLA AND ADA

### American with Disabilities Act (42 U.S.C. §12101 et. seq.)

### Family Medical Leave Act (29 U.S.C. §2601 et seq.)

### (Against All Defendants)

55. Defendant hereby incorporates paragraphs 1 through 54 of this Complaint as though fully set forth herein.

56. After being targeted and harassed for having a disability, Plaintiff filed a complaint with the Nevada Equal Rights Commission ("NERC") on June 20, 2018.

57. Plaintiff informed Defendant's Human Resources department that he filed a complaint with the NERC.

58. Defendant immediately transferred Plaintiff, continued to target him, and ultimately fired him because of his disability, use of FMLA, and because he filed a complaint with the NERC.

59. As a proximate result of Defendant's discriminatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress. As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proved at trial.

60. Defendant, through its agents or supervisors failed to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act of Defendant and their supervisors and Human Resources Department as described above thereby ratifying the unlawful conduct of its agents or supervisors.

61. Defendant's unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's federally protected rights.

62. Plaintiff requests relief as described in the Prayer for Relief below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Edward Ordonez, prays that this Court grant the following relief:

A. Economic Loss for Back Pay and Front Pay, plus prejudgment interest;

B. Compensatory Damages in accordance with 42 U.S.C. §12117, 42 U.S.C. §1983, and other applicable statutes;

C. Reasonable attorneys' fees pursuant to 42 U.S.C. §12205 and other applicable statutes;

D. Liquidated Damages;

E. Costs of suit incurred herein; and

F. Such other and further relief as the court deems just and proper


DATED this 24th day of June, 2019.        WATKINS & LETOFSKY, LLP

*/s/ Daniel R. Watkins*

By: _____
Daniel R. Watkins
Eran S. Forster
8215 S. Eastern Ave., Ste. 265
Las Vegas, NV 89123
Attorneys for Plaintiff, Edward Ordonez

## REQUEST FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure 38(b) and 42 U.S.C. §1981a, Plaintiff demands a trial by jury in this action on all issues so triable.

DATED this 25th day of June, 2019.        WATKINS & LETOFSKY, LLP

*/s/ Daniel R. Watkins*

By: _____
   Daniel R. Watkins
   Eran S. Forster
   8215 S. Eastern Ave., Ste. 265
   Las Vegas, NV 89123
   Attorneys for Plaintiff, Edward Ordonez